IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BENJAMIN REID BONDS                                                                                    PLAINTIFF

v.                                           Civil No. 4:22-cv-04034

CAPTAIN GOLDEN ADAMS;
NURSE STEVEN KING; NURSE CHELSEA
FOSTER; DR. TIMOTHY REYNOLDS;
WARDEN JEFFIE WALKER; OFFICER
CAM BURNS; SHERIFF JACKIE RUNION;
NURSE PRACTITIONER KEVIN MCCANN;
SERGEANT RICHARD HENDERSON; AL LANDRETH;
SOUTHERN HEALTH PARTNERS; FORMER NURSE
CATHERNE ADAMS; and LIEUTENANT ALICE MILLER                     DEFENDANTS

## ORDER

Plaintiff, Benjamin Reid Bonds, filed this 42 U.S.C. § 1983 action *pro se* on April 15, 2022. (ECF No. 1). Plaintiff was granted Leave to Proceed *in forma pauperis* by an Order dated May 10, 2022. (ECF No. 8). On November 1, 2022, an Order was entered referring this matter to the undersigned based on the parties' consents to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.[1] (ECF No. 31). Before the Court is Plaintiff's failure to comply with orders of the Court.

On May 10, 2022, the Court ordered Plaintiff to immediately inform the Court of any change of address. (ECF No. 8). Specifically, the Court ordered Plaintiff to notify the Court within thirty days of any transfers or release. *Id.* The Order also informed Plaintiff that failure to timely comply would subject the case to dismissal. *Id.*

---

[1] While the Order referring this case to the undersigned was entered on November 1, 2022, Plaintiff signed his consent affidavit on May 1, 2022. Plaintiff has not communicated with the Court since August 24, 2022, when he filed his last Motion to Subpoena. (ECF No. 23).

On November 1, 2022, the Court received Notice from Defendants that the discovery production they sent to Plaintiff's address of record was returned marked "parole." (ECF No. 29).

On November 1, 2022, the Court issued an Order to Plaintiff to show cause, by November 22, 2022, as to why he failed to obey the Order of the Court and notify the Court of his release and change of address. (ECF No. 30). This Order also informed Plaintiff that failure to comply would result in this case being dismissed. *Id.* To date, Plaintiff has not responded to the Show Cause Order, and the Order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be

dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

Furthermore, Defendants Steven King, Chelsea Foster, Timothy Reynolds, Kevin McCann, Southern Health Partners, and Catherine Adams filed a Motion to Dismiss on November 28, 2022. (ECF No. 32). Defendants argue that Plaintiff's claims should be dismissed with prejudice for failure to comply with the Court's Orders. *Id.* at 3. As explained herein, the Court is dismissing Plaintiff's Compliant without prejudice. Accordingly, Defendants' Motion to Dismiss is **DENIED** as moot.

**IT IS SO ORDERED**, this 29th day of November 2022.

*s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE